UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES of AMERICA,

-against-

JAIME ALBERTO MEJIA GONZALEZ,

Defendant.

MEMORANDUM & ORDER
09-CR-719 (NGG)

NICHOLAS G. GARAUFIS, United States District Judge.

Defendant Jaime Alberto Mejia Gonzalez moves the court to terminate his supervised release and the remaining balance of his fine. (*See* Def.'s Mot. (Dkt. 130).) That motion is DENIED for the following reasons.

I.  BACKGROUND

Jaime Alberto Mejia Gonzalez was a major narcotics trafficker. He led a network that imported about 10,000 kilograms of cocaine from Colombia to the United States through various routes in California, Florida, and New York between 1997 and 2006. Years later, he pleaded guilty to conspiracy to distribute cocaine, and in May 2012, the court sentenced him to 120 months in custody, a ten-year term of supervised release, a $1.2 million forfeiture, and a $200,000 fine. He was released from custody in July 2017 and now lives in Miami.

In July 2020, Mr. Mejia Gonzalez's Probation Officer demanded that he sell certain property to satisfy the remaining balance of his fine: $193,359.62. (*See id.* ¶¶ 4-5; Probation Letter (Dkt. 136-4).) But selling that property is a problem for Mr. Mejia Gonzalez. By his explanation, the court "chose to impose both" the forfeiture and fine only because he truthfully disclosed his Colombian assets. (*See* Def.'s Mot. ¶¶ 2-3.) The issue, as he sees it, is that about a year after his sentencing, Colombian authorities seized those assets. (*See id.* ¶ 3; Ex. A. to Def.'s Mot. (reproducing online

1

article from *Colombia Reports*, describing Colombian authorities' asset seizure of real estate assets belonging to Mr. Mejia Gonzalez).) He claims that his remaining assets are limited to his construction business, the building in which it is located, and "a group of vacant lots worth approximately $100,000." (Def.'s Mot. ¶ 3.) And he contends that Probation's demand to sell those vacant lots represents a shift from the otherwise sensible payment plan that has been in place over the past three years because it would render him unable to secure credit for his construction projects and cause his business to die. (*See id.* ¶¶ 4-5.)

In response to this motion, the court stayed Mr. Mejia Gonzalez's obligation to comply with any terms of supervised release that necessitate the sale of assets and directed Probation to provide a detailed statement regarding payments made and balance owed as to forfeiture and fines. (*See* Aug. 13, 2020 Min. Order.) Probation reported that he paid the $1.2 million forfeiture prior to sentencing, and that he maintained an outstanding balance on his fine of $192,659.62. (Sept. 23, 2020 Probation Mem. (Dkt. 132) at 1; Def.'s Mot. ¶ 3.) He has paid down the almost $8,000 of his $200,000 fine with monthly payments of $200 and $300. (*See* Sept. 23, 2020 Probation Mem. at 1.)

Probation also reported that he resides with his ex-wife in a home listed in her name with no mortgage, and that he owns a .77-acre lot with a 13,100 square foot Warehouse, free and clear of a mortgage, at 790 NW 72nd St. in Miami;[1] 13 vacant property lots; and a luxury watch collection. (*See id.* at 1-2.) The government submitted a report from Colliers appraising the as-is market value for the NW 72nd St. property at $1.6 million, (*see* Colliers Int'l Report (Dkt. 136-1) at 2), and a report from Miami-Dade County appraising the land value of that property at about $800,000, (*see*

---

[1] Mr. Mejia Gonzalez's construction business operates out of this building.

Miami-Dade Report (Dkt. 136-2) at 3). The government also accepted Mr. Mejia Gonzalez's valuation of the vacant lots at about $100,000 and submitted his 2020 and 2022 Net Worth Reports identifying the luxury watch collection that he neglected to include in his motion. (*See* Gov't Opp'n (Dkt. 136) at 3.)

## II.  MOTION TO TERMINATE THE FINE

The court doubts its authority to terminate Mr. Mejia Gonzalez's fine because "[a] fine is an independent part of a defendant's sentence," *United States v. Akinrosotu*, 637 F.3d 165, 167 (2d Cir. 2011),[2] and "a court may not resentence a defendant unless expressly mandated by th[e] [circuit] court . . . or pursuant to the strict conditions established by Fed. R. Crim. P. 35 or 36," *United States v. Spallone*, 399 F.3d 415, 421 (2d Cir. 2005), or some other federal statute, *see* 18 U.S.C. § 3572(d)(3) (allowing the court to "adjust the payment schedule, or require immediate payment in full, as the interests of justice require," but not to reduce or otherwise terminate the fine); *id.* § 3573 (allowing the court to remit the unpaid portion of a fine, but only "[u]pon petition of the Government"); *see also United States v. Martinez*, 281 F. App'x 39, 41 (2d Cir. 2008). Even with the authority to terminate Mr. Mejia Gonzalez's remaining fine of approximately $190,000, the court would decline to do so because he has the means to pay.

In Mr. Mejia Gonzalez's reply to the government's opposition motion, he contends that he cannot pay the fine, in part, because his luxury watch collection was located and seized in Colombia. (*See* Def.'s Reply (Dkt. 139) at 1.) The Colombia seizure occurred in 2013. Yet in his 2020 Net Worth Report (before filing this motion), he listed nine watches: four located in the United States

---

[2] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

3

worth $56,000,[3] the others in Colombia. (*See* June 6, 2020 Net Worth Statement (Dkt. 136-3) at 4, 8.) He neglects to mention his Miami-based properties—neither his appraised $1.6 million warehouse property, nor his unappraised vacant lots worth approximately $100,000. The combined effect of all this is clear: Mr. Mejia Gonzalez can pay his fine. What is not clear, however, is why he believes that he should not have to pay the remaining $190,000 of his $200,000 fine, or why he thinks he should be absolved because his drug-funded Colombian assets were seized. Whatever his reasoning, though, the court declines to nullify its sentence. Mr. Mejia Gonzalez's motion to terminate his fine is denied.

### III. MOTION TO TERMINATE SUPERVISION

Section 3583(e) provides that a court may, after considering a subset of the factors listed in 18 U.S.C. § 3553(a), "terminate a term of supervised release . . . at any time after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). "Early termination, however, is not warranted as a matter of course." *United States v. Bastien*, 111 F. Supp. 3d 315, 321 (E.D.N.Y. 2015). "Rather, such relief may 'occasionally' be justified by 'new or unforeseen circumstances,' such as when 'exceptionally good behavior by the defendant . . . renders a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).'" *United States v. Stein*, No. 09-CR-377 (RPK), 2020 WL 4059472, at *2 (E.D.N.Y.

---

[3] In his 2022 Net Worth Statement, however, after this motion was filed, Mr. Mejia Gonzalez listed only three watches, including two located in the United States worth $35,000, and one in Colombia. (*See* 2022 Net Worth Statement at (Dkt. 136-5) at 4.)

4

July 19, 2020) (quoting *United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997)).

After five years of supervision, Mr. Mejia Gonzalez argues that early termination of his ten-year term of supervised relief is appropriate because he has removed himself from his previous life, built a business, and "[a]part from the controversy over the fine[,] . . . has been a model supervisee." (Def.'s Mot. at ¶ 4.) It is true that his conduct and his entrepreneurship are commendable. But his nonpayment of the fine, and his asserted reasons for not doing so, cut against early termination of supervision. Therefore, Mr. Mejia Gonzalez's motion to terminate supervision is denied without prejudice. The court is willing to revisit this request should he satisfy the outstanding balance of his fine.

## IV.  CONCLUSION

Defendant's [130] motion to terminate his fine and his supervision is DENIED. The Government is DIRECTED to inform the Probation Department, Mr. Mejia Gonzalez, and his counsel, Mr. Jeffrey Cohn.

SO ORDERED.

Dated:   Brooklyn, New York
         April 6, 2022

                                                                        /s/ Nicholas G. Garaufis
                                                                         NICHOLAS G. GARAUFIS
                                                                          United States District Judge